UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-CV-24473-GAYLES/TURNOFF

LUIS ALBERTO TORRES TORRES and
all others similarly situated under 29
U.S.C. 216(b),

    Plaintiff,

vs.

L & R STRUCTURAL CORP., INC., a/k/a
L & R STRUCTURAL, INC., HI-RITE
WOODS I, INC., CARLOS MARQUEZ,
DAVID SONCK,

    Defendants.
_____/

### DEFENDANTS', HI-RITE WOODS I, INC. and DAVID SONCK, MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, AND MEMORANDUM OF LAW

COMES NOW, Defendants, HI-RITE WOODS I, INC. and DAVID SONCK, by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's Complaint, or in the alternative, moves that this Court require Plaintiff, LUIS ALBERTO TORRES TORRES, to replead to set forth a more definite statement under Fed. R. Civ. P. 12(e) and states as follows:

#### SUMMARY OF ARGUMENT

Plaintiff's Complaint fails to allege any ultimate facts that Defendants can rely on in responding and fails to state any ultimate facts necessary to plead a proper cause of action. Plaintiff

has sued Defendant for violation of 29 USC section 207 for unpaid overtime. Plaintiff's Complaint contains nothing more than labels and conclusions and no ultimate facts for Defendant to rely upon and to determine the merit of Plaintiff's claim. Plaintiff has a formulaic recitation of the elements of the cause of action but does not provide any factual support in violation of the law.

## INTRODUCTION

This is an action to recover unpaid overtime wages compensation under the Fair Labor Standards Acts as amended by 29 USC Section 201 et.seq. (hereinafter "FLSA"). Defendant, HI-RITE WOODS I, INC., is a construction company that supplies laborers who do forming and DAVID SONCK is its President. The Defendant, HI-RITE WOODS I, INC., as noted is a construction company located in Florida and doing work only in the State of Florida.

## DISCUSSION

1. Rule 8(a) of the Fed. R. Civ. P. requires "a short and plain statement of the claims" that, "will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which rests." Fed. R. C. P. 8(a). Although Plaintiff is not held to a high standard, in Rule 12 (b)(6) motion, some minimal pleading standard does exist. *Wagner v. Daewoo Heavy Industries*, 289 F.3d 1268, 1270 (11th Circuit 2002) reversed on other grounds 314 F.3d 541 (11th Circuit 2002).

2. When a Court considers a Motion to Dismiss, all factual allegations in the Complaint are accepted as true, and all inferences are construed in the light most favorable to the Plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Circuit 1994).

3. A Motion to Dismiss may be granted when the movant demonstrates that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). However, a Plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do.

4. Factual allegations must be enough to raise a right to the relief above the speculative level. The Court need not accept legal conclusions as true, but only well pleaded factual allegations are entitled to an assumption of truth. *Bailey v. Cooper*, (S.D Fla., 2011). Plaintiff is required to plead enough facts to state a plausible basis for its claim. If a Plaintiff fails to plead enough facts to state a plausible basis for its claim, the Complaint will not withstand a dismissal under Rule 12(b)(6). *Gonzalez v Asset Acceptance, LLC.*, 2008 WLWL 489 557, 1(M.D. Fla. 2008).

5. In Plaintiff's Complaint, in paragraph 12 they allege HI-RITE WOODS I, INC. was an enterprise engaged in interstate commerce. They don't state what type of enterprise or what it was doing in interstate commerce. The Complaint goes on to note that during all pertinent times, the corporate Defendant owned and operated a business which affects interstate commerce because materials and goods are used on a continual basis which moved through interstate commerce. Once again, Plaintiff fails to allege what type of business Defendant is in, how Defendants' business affects interstate commerce and what goods or materials are used in order to allow one to make an analysis of whether that qualifies as falling within interstate commerce.

6. Plaintiff notes in paragraph 11 that, HI-RITE WOODS I, INC. was a carpenter and construction worker but does not describe the actual services Plaintiff was performing.

7. Plaintiff goes on to note in paragraph 12 that Plaintiff was and continues to be an enterprise engaged in commerce within the meaning of FLSA but provides no facts to support this legal conclusion. It also alleges that the work done by Plaintiff was actually in or closely related to interstate commerce but there are no facts to support this conclusion.

8. Plaintiff does not allege enough facts to show that there is jurisdiction under FLSA. Under FLSA, the jurisdictional prerequisite of "interstate commerce" can be shown by either individual coverage of the employee at issue, or enterprise coverage of the Defendant business. *Thorne v. All Restoration Service, Inc.*, 448 F.3d 1264, 1265 (11th Circuit 2006). *Perez v. Maub, Inc.*, (S.D. Fla. March 7, 2011).

9. With respect to enterprise coverage, a business must have employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and has at least $500,000.00 of annual gross volume of sales made or business done. *Perez*, page 2.

10. In *Perez v. Maub*, the Southern District of Florida granted a Motion to Dismiss an FLSA claim noting that it had not been properly pled. The Court stated that with respect to enterprise coverage, a business must have employees engaged in commerce or in production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person or has at least $500,000.00 of annual gross volume of sales made or business done. Like the Perez case, the Plaintiff in this case fails to allege how Defendant was involved in commerce or the production of goods for commerce or how this employee was involved.

11. As previously noted, Plaintiff's Complaint notes that the Defendant was engaged in interstate commerce, that the Defendants are subject to the jurisdiction of this Court because they operate, conduct, engage, or carry on business in the Southern District of Florida, Plaintiff does not detail or provide any facts to show how Defendant's enterprise is engaged in commerce. Like the

*Perez* case, the allegations in this Complaint regarding enterprise coverage are merely legal conclusions that fail to sufficiently allege subject matter jurisdiction.  Plaintiff has simply recited statutory language in order to allege coverage which is unacceptable.

12.	Defendant has previously cited the *Bailey v. Cooper* case which is also a Southern District case from Florida from March of 2011 where the Court also dismissed a Complaint for failure to properly state a claim.  That case held that Plaintiff is required to demonstrate that she directly participated in the actually movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce...or (ii) by regularly using the instrumentalities of interstate commerce in her work.  For interstate coverage to apply, the enterprise must be engaged in commerce and its gross sales must exceed $500,000.00.  The Court noted that all Plaintiff alleged was that the Plaintiff was engaged in commerce or the production of goods for commerce and that the Defendant was an enterprise engaged in the industry affecting commerce and employed the employee in question in commerce.  The Court noted that the Complaint was devoid of any factual allegations and it failed to provide any facts describing Plaintiff's job duties or any facts describing how the business is operated that demonstrates Plaintiff is engaged in commerce.  The same is true in the case at bar.

15.	There has been no description of how Defendant's business is involved in interstate commerce, nor has there been any description of the duties of this Plaintiff.  Plaintiff's Complaint is nothing more than an allegation of labels and conclusions, instead of providing factual basis to support the legal conclusions stated therein.

17.	Federal Law mirrors Florida Law where is has been held that mere conclusions are insufficient and that a complaint must plead ultimate facts upon which a Defendant can rely as

distinguished from legal conclusions. *Clark v. Boeing Company*, 395 So.2d 1226 (Fla. 3rd DCA 1981) and *Maiden v. Carter*, 234 So.2d 168 (Fla. 1st DCA 1970).

18. As such, it is clear that the Plaintiff has not alleged the necessary facts and allegations to make a claim of 29 USC Section 207. Plaintiff fails to plead ultimate facts necessary for Defendant to rely upon in filing a responsive pleading.

19. In the alternative, if the Court should find that the action is not subject to dismissal under Fed. R. Civ. P. 12(b)(6) then the Court should require Plaintiff to replead in order to set forth a more definite statement under Fed. R. Civ. P. 12(e). The Plaintiff's pleading is so vague and ambiguous that the responding party cannot frame an adequate response. It is impossible to determine what the factual averments are made in support of the claim and Defendants are unable to adequately respond to this claim.

## CONCLUSION

Based on the foregoing arguments, Plaintiff's Complaint against the Defendants, HI-RITE WOODS I, INC. and DAVID SONCK, should be dismissed for failure to state a claim upon which relief can be granted, or in the alternative, the Court should require Plaintiff to provide a more definite statement that complies with the minimum pleading requirements as set forth in the Fed. R. Civ. P.

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered electronically via CM/ECF to all counsel or parties of record in the Service List below on March 16, 2016.

    Respectfully submitted,

    DAVID S. TUPLER, P.A.
    Attorney for Defendants
    HI-RITE WOODS I, INC. and
    DAVID SONCK
    9900 Stirling Road, Suite 243
    Cooper City, Florida 33024
    954-364-6263
    davidstupler@aol.com

    By:/s/David S. Tupler
        DAVID S. TUPLER, ESQUIRE
        FLORIDA BAR NO.: 608300

## SERVICE LIST

Rivka F. Jaff, Esquire
Attorneys for Plaintiff
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Email: rivka.jaff@gmail.com

Larry S. Perlman, Esquire
Mark J. Neuberger, Esquire
Attorneys for Defendants L & R and MARQUEZ
Foley & Lardner, LLP
One Biscayne Tower
2 S. Biscayne Blvd.,Suite 1900
Miami, FL 33131
305-482-8400
Email:  lperlman@foley.com
        mneuberger@foley.com